UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2011 MAR -4  PM 3: 47

CLERK

BY _____
DEPUTY CLERK

Gene Craft and Laura Craft,           )
                                      )
        Plaintiffs,                   )
                                      )
    v.                                )    Case No. 5:10-cv-246
                                      )
Larry Covey, Jonathan Covey,          )
Estate of Lyle Covey, and United States )
of America Internal                   )
Revenue Service,                      )
                                      )
        Defendants.                   )

**OPINION AND ORDER
GRANTING COVEY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFFS' FORECLOSURE CLAIM,
GRANTING IRS'S REQUEST TO DISMISS IT AS PARTY, AND ORDERING
THE REMAINING PARTIES TO SHOW CAUSE WHY REMAND SHOULD
NOT BE ORDERED**
(Docs. 18 & 27)

This matter came before the court on December 16, 2010 for oral argument on the
motion by Defendants Larry Covey and Jonathan Covey (the "Covey Defendants")[1] for
summary judgment with respect to the foreclosure claim brought by Gene Craft and
Laura Craft (the "Plaintiffs"). The Covey Defendants argue that the Plaintiffs' judgment
lien which Plaintiffs seek to foreclose is invalid under Vermont law. The Plaintiffs
oppose the motion.

The Plaintiffs are represented by Paul S. Gillies, Esq., the Covey Defendants are
represented by Brad W. Wilder, Esq., and Defendant Internal Revenue Service ("IRS") is
represented by AUSA Melissa A.D. Ranaldo. The parties completed their post-hearing
filings on February 17, 2011.

---

[1] The Estate of Lyle Covey has not yet been served.

I.       **The Undisputed Facts.**

On April 10, 2008, a Vermont state court issued a judgment order in a case styled *Gene and Laura Craft v. Lyle Covey and Cindy Corbee*, Orange Superior Court Docket No. 113-5-07 Oecv, wherein, among other things, the court ordered Lyle Covey and Cindy Corbee to pay the Plaintiffs the sum of $17,392.12 as damages, and a partial remediation fee of $472.00 (the "Judgment"). The state court issued the Judgment after entering a default judgment on liability and after a hearing on damages, finding that "over a period of time the defendants [Lyle Covey and Cindy Corbee] have engaged in activities which caused erosion and destabilization of the [P]laintiffs' property." (Doc. 13-2.) In April 2008, the Plaintiffs caused the Judgment to be served on Lyle Covey and Cindy Corbee.

On April 16, 2008, the Judgment was recorded in the Vershire Town Clerk's Office. At the time of the recording, the thirty-day appeal period had not run and the Judgment did not contain the clerk of the court's certification of the date the Judgment became final. The parties agree that the Judgment became final on May 10, 2008.

At the time the Judgment was first recorded, Lyle Covey was the record owner of certain property (the "Property") in the Town of Vershire which is the subject of Plaintiffs' foreclosure claim. On or about March 6, 2010, Lyle Covey quitclaimed the Property to his sons, the Covey Defendants. The property transfer tax return, filed in conjunction with the Quitclaim Deed, states that the price paid for the real property was "0.00." (Doc. 21-2.)

On April 5, 2010, Plaintiffs filed a Complaint for Foreclosure against the Covey Defendants in state court, seeking to foreclose the Judgment as a lien against the Property. In August 2010, Plaintiffs amended their Complaint, without objection, to add the Estate of Lyle Covey and the IRS as defendants. In their Amended Complaint, Plaintiffs allege that, at the time Lyle Covey conveyed the Property to the Covey Defendants, Plaintiffs had a judgment lien against the Property. The Amended Complaint further alleges that Lyle Covey's transfer of the Property to his sons was

2

fraudulent, and was intended to deprive Plaintiffs of an asset available to satisfy the Judgment.

On October 5, 2010, Plaintiffs re-recorded the Judgment in the Vershire land records, this time with the proper certification. On October 14, 2010, Defendant IRS filed a notice of removal pursuant to 28 U.S.C. § 2410, as authorized by 28 U.S.C. §§ 1442 and 1444, based upon an IRS lien against the Property.

The Covey Defendants seek summary judgment with regard to Plaintiffs' claim for foreclosure, contending it is based upon an invalid judgment lien. The IRS takes no position with regard to summary judgment, however, it requests that in the event the court dismisses the Plaintiffs' foreclosure claim, the IRS be dismissed as a defendant as it will have no remaining interest in this action.

## II.   Conclusions of Law and Analysis.

### A.   Standard of Review.

Summary judgment is appropriate where the "movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of showing that it is entitled to summary judgment. *Huminski v. Corsones*, 386 F.3d 116, 132 (2d Cir. 2004).

In this case, there are no disputed issues of material fact.  The court must therefore decide if the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See, e.g., Onanuga v. Pfizer, Inc.*, 369 F. Supp. 2d 491, 496 (S.D.N.Y. 2005) ("As there are no disputed issues of material fact, . . . this case is appropriately decided on a motion for summary judgment."); *Grieve v. Gen. Am. Life Ins. Co.*, 58 F. Supp. 2d 319, 320 (D. Vt. 1999) ("The parties agree that there are no disputed issues of material fact, and that the issue is ripe for disposition on summary judgment.").

In adjudicating a motion for summary judgment, the court "views the record in the light most favorable to the non-movant and resolves all ambiguities and draws all reasonable inferences against the movant." *Onanuga*, 369 F. Supp. 2d at 496 (citations omitted).

3

Summary judgment is particularly appropriate where, as here, the facts are not in dispute and present a pure question of law. *See Philadelphia Indem. Ins. Co. v. Employers Ins. Co. of Wausau*, 318 F. Supp. 2d 170, 171-72 (S.D.N.Y. 2004).

### B. Vermont's Judgment Lien Law.

The parties agree that Vermont's judgment lien law, 12 V.S.A. §§ 2901-2905, governs whether the Judgment constitutes a lien against the Property which may be foreclosed. Section 2901 provides that "[a] final judgment issued in a civil action . . . shall constitute a lien on any real property of a judgment debtor if recorded as provided in this chapter." 12 V.S.A. § 2901. Section 2904 governs recordation of a judgment lien:

> A judgment creditor may record a judgment lien at any time within eight years from the date the judgment becomes final in the town clerk's office of any town where real property of the debtor is located. *Recording shall consist of filing a copy of the judgment with [the] date when it became final, certified by the clerk of the court issuing the judgment.* The certification shall be recorded by the town clerk in the land records.

12 V.S.A. § 2904 (emphasis supplied). If the judgment lien is not satisfied within thirty days of recording, "it may be foreclosed and redeemed as provided" by Vermont law. 12 V.S.A. § 2903(d).

### C. Whether Plaintiffs' Concessions are Binding.

In opposing summary judgment, the Plaintiffs originally conceded in writing that, as a result of "technical defect[s] in the filing," they "did not have a valid judgment lien against the subject property at the time that said property was conveyed to the Covey Defendants." (Doc. 21 at 1.) The Plaintiffs further conceded "that they were not able to pursue a foreclosure action as of April [5], 2010, the date when Plaintiffs' Complaint was filed." (Doc. 21 at 1-2.)

The Covey Defendants claim that the Plaintiffs' concessions are binding judicial admissions, and they cite *Trotier v. Bassett*, 174 Vt. 520, 521, 811 A.2d 166, 168-69 (2002) in support of this argument. In response, the Plaintiffs have moved to withdraw their concessions as improvidently made, asserting that "[w]hat was written [in their brief opposing summary judgment] was rhetorical in nature. Such an issue as the

4

enforceability of a judgment order should be decided on merit, not concession." (Doc. 28 at 4.) The Covey Defendants ask the court to prohibit the Plaintiffs from retracting their concessions, and order summary judgment in the Covey Defendants' favor, in part, based upon Plaintiffs' alleged judicial admissions.

While this court applies Vermont's substantive law to determine the validity of the Plaintiffs' judgment lien, whether the Plaintiffs' concessions may be treated as binding judicial admissions is governed by the Federal Rules of Evidence. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("The admiss[i]bility of evidence . . . is generally a procedural matter governed by the Federal Rules of Evidence"); *see also* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2405 (1971).

Pursuant to the Federal Rules of Evidence, "[f]acts admitted by a party 'are judicial admissions that bind [that party] throughout th[e] litigation.'" *Hoodho v. Holder*, 558 F.3d 184, 191 (2d Cir. 2009) (quoting *Gibbs ex rel. Estate of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006)). This rule extends to "statements made by an attorney concerning a matter within his employment [which] may be admissible against the party retaining the attorney[.]" *United States v. GAF Corp.*, 928 F.2d 1253, 1259 (2d Cir. 1991) (quotations omitted); *see also Purgess v. Sharrock,* 33 F.3d 134, 144 (2d Cir. 1994) ("A court can appropriately treat statements in briefs as binding judicial admissions[.]") (citations omitted).

An attorney's judicial admissions may be retracted, but do not thereby cease to serve as evidence:

> A pleading prepared by an attorney is an admission by one presumptively authorized to speak for his principal[.] When a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extra-judicial admission made by a party or his agent[.] If the agent made the admission without adequate information, that goes to its weight, not to its admissibility.

*GAF Corp.*, 928 F.2d at 1259-60 (quotation omitted).

It is well-established that judicial admissions are limited to statements of fact, and do not include an attorney's legal theories, arguments, or conclusions:

> A judicial admission is usually treated as absolutely binding, but such admissions go to matters of fact which, otherwise, would require evidentiary proof[.] [T]he doctrine of judicial admissions has never been applied to counsel's statement of his conception of the legal theory of the case. When counsel speaks of legal principles, as he conceives them and which he thinks applicable, he makes no judicial admission and sets up no estoppel which would prevent the court from applying to the facts disclosed by the proof, the proper legal principles as the Court understands them.

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 2007 WL 851871, at *1 (D.D.C. Mar. 14, 2007) (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963)).[2] Accordingly, a party's "legal argument or theory as to how certain evidence could be construed" is "not an assertion of any fact, but rather an assertion as to what inferences . . . should be drawn from alleged facts based on the legal context at issue at that time." *Id.*

The Plaintiffs' characterization of the legal effect of the Judgment when first recorded, and regarding their entitlement to foreclosure based upon the first recordation, are not statements of fact, but rather are legal arguments as to how certain evidence may be construed. These statements are thus not binding judicial admissions. The Plaintiffs' request to withdraw their counsel's legal arguments as improvidently made is hereby GRANTED.

### D. Whether the Judgment Lien was Valid as First Recorded.

In order to create a valid judgment lien, Vermont law requires recordation of a judgment that is *final*. *See* 12 V.S.A. § 2901 ("A final judgment issued in a civil action

---

[2] *Trotier v. Bassett*, cited by the Covey Defendants, is not inapposite. There, the Vermont Supreme Court held that a judicial admission occurs only when there is clear and unequivocal "testimony to a fact" that is made "for the express purpose of dispensing with formal proof of one of the facts in issue" which the testifying party has not made any effort to retract, qualify, or otherwise explain. *Trotier*, 174 Vt. at 521, 811 A.2d at 168-69.

. . . shall constitute a lien on any real property of a judgment debtor if recorded as provided in this chapter"); 12 V.S.A. § 2904 ("A judgment creditor may record a judgment lien at any time within eight years from the date the judgment becomes final[.]"). The Vermont Supreme Court has concluded that, provided the judgment was in fact final when recorded, it would be "raise form over substance" to deny its validity merely because it was recorded without the judgment date and presumably also without the certification of when the judgment became final as required by 12 V.S.A. § 2904. *See Barrows v. Bank of Vermont*, Supreme Court Docket No. 94-335 (Jan. 27, 1995) (unpublished entry order). The Vermont Supreme Court, however, has never dispensed with the requirement that the judgment be final when recorded. Other Vermont courts have also refused to excuse the requirement of finality. *See, e.g., Rainbow Trust, Bus. Trust v. Moulton Constr., Inc. (In re Rainbow Trust, Bus. Trust)*, 207 B.R. 70, 73, 74 (Bankr. D. Vt. 1997) (observing that a party "did not properly follow the procedure for recording judgment liens under 12 VSA § 2901 *et seq.* because it did not wait the requisite 30 days," and holding that the judgment did not become final because the appeal period had not expired); *Purcell v. FDIC (In re Purcell)*, 141 B.R. 480, 487 (Bankr. D. Vt. 1992) (opining that "[t]he plain language of the statute requires that each of [the] requirements [in § 2904] be met," and finding no lien created by a judgment that was neither final when recorded nor certified to be final) (quotation omitted); *see also* 1 Hon. William H. Brown, *The Law of Debtors and Creditors* § 6.43 (2005 & Supp. 2010) ("Before there can be a valid judgment lien, there must be a judgment that is valid and final. [I]f not final, a judgment lien will not be ripe for indexing.").

To excuse the requirement of finality would negate the plain language of the judgment lien statute. *See Gregory v. Poulin Auto Sales, Inc.*, 2010 VT 85, ¶ 10, 9 A.3d 679 ("When interpreting a statute, we look to implement the intent of the Legislature and do so by first looking to the plain language of the law.") Moreover, unlike compliance with the statute's certification requirement, there can be no "substantial compliance" with the finality requirement. A judgment is either subject to an appeal, and thus subject to

7

either being vacated or modified, or it is final in that it represents the conclusion of the litigation with no further right of appeal or subsequent substantive alteration. *See, e.g., In re Prussak*, 1989 WL 360853, at *4 (Bankr. D. Vt. July 19, 1989) (holding a state court clerk's certification of a stipulated order on the same day that it was signed was sufficient to satisfy § 2904 because that was the day when the judgment became final); *see also Canney v. Engelberth Constr., Inc. (In re Rome Family Corp.)*, 2005 WL 1595728, at *3 (Bankr. D.Vt. Mar. 7, 2005) (noting that stipulated order in *Prussak* was a final judgment because "when all parties to an action reach a consensual settlement, no appeal can follow" and therefore, "the fact that the judgment did not contain a certification of finality [was] of no consequence[.]").

The court recognizes that, as applied to this case, the requirement of finality may appear harsh as the Judgment was not in fact appealed, it became final shortly after recordation, and Lyle Covey had notice of it prior to his transfer of the Property to his sons. On the other hand, the Plaintiffs had ample time after the first recordation and prior to the transfer of the Property to re-record their Judgment after it became final. Here, the court need not resolve the competing equities as to do so would require the court to ignore the plain language of Vermont's judgment lien statute which requires a final judgment as a condition precedent to the creation of a valid lien. Any modification of the finality requirement must come from the Vermont Legislature, not this court. *See State v. Racine*, 133 Vt. 111, 114, 329 A.2d 651, 653 (1974) ("If the provisions of a statute are unfair or unjust, the remedy is by a change of the law itself, to be effected by the legislature, and not by judicial action in the guise of interpretation.") (citation omitted).

Application of Vermont law to this case reveals that the Judgment was not final when recorded in April 2008 and thus, when first recorded, did not create a valid judgment lien against the Property.

### E. Whether the Doctrine of "Relation Back" Applies.

The Plaintiffs contend that their judgment lien is nevertheless valid and enforceable against the Covey Defendants because the Plaintiffs filed a final, and

8

properly certified, copy of the April 2008 Judgment on October 5, 2010 and the judgment debt sought to be executed upon pre-existed the transfer of the Property. They further allege that the Covey Defendants had actual notice of the debt when the Judgment was recorded in April 2008, although the Plaintiffs proffer no evidence to support this claim. The Plaintiffs ask the court to conclude that their October 2010 recording of the Judgment relates back[3] to their April 2008 recordation, thereby curing the infirmities of the earlier filing.

There are two problems with this argument. First, at the time of the second recordation, Lyle Covey, the judgment debtor, no longer owned the Property. As a result, when the Judgment was subsequently re-recorded, it did not attach to the Property which the Plaintiffs seek to foreclose. There can be no argument that it attached to the Property when owned by the Covey Defendants, as the Judgment pertains only to Lyle Covey and Cindy Corbee[4] and, under Vermont law, a final judgment "shall constitute a lien on any real property of *a judgment debtor*." 12 V.S.A. § 2901 (emphasis supplied). The Covey Defendants are not "judgment debtors" pursuant to the Judgment.

Second, Vermont's judgment lien law does not authorize relation back in the circumstances of this case, and this court has no authority to create such a rule. *See Ice Ctr. of Washington West, Inc. v. Town of Waterbury*, 2008 VT 37, ¶ 9, 183 Vt. 616, 950 A.2d 464 ("Any change to the existing statutes is, of course, within the sole province of the Legislature."). Moreover, the Plaintiffs are incorrect in asserting that the second recordation is merely curative as, here, there is an intervening conveyance of the Property to the Covey Defendants whose rights in the Property would be impaired by the application of "relation back." *Cf. Spaulding v. Cahill*, 147 Vt. 273, 275, 514 A.2d 714, 716 (1986) (holding attachment defective because "[a]lthough defendant may have had

---

[3] Black's Law Dictionary 1401 (9th ed. 2009) defines "relation back" as follows: "The doctrine that an act done at a later time is, under certain circumstances, treated as though it occurred at an earlier time."

[4] From a practical perspective, Plaintiffs' approach would render it impossible to determine, from a title search, whether a valid judgment lien had been created.

actual notice as to what property plaintiff intended to attach, such notice cannot be held to be effective as to third parties with whom defendants may have dealings."). Whether Lyle Covey's post-Judgment conveyance of the Property to the Covey Defendants will be set aside as a fraudulent transfer must await further developments in this case. On the record before the court, no such remedy is presently available.

Because the doctrine of "relation back" is not authorized in the circumstances of this case to cure the defects in the first recordation of the Judgment, and because the second recordation of the Judgment relates only to the property of Lyle Covey and Cindy Corbee, and thus did not create a lien against the Property as held by the Covey Defendants, the Plaintiffs' foreclosure claim, as currently framed, cannot proceed. Accordingly, the court hereby GRANTS the Covey Defendants' motion for summary judgment and hereby DISMISSES Plaintiffs' foreclosure claim.

### F.  Dismissal of the IRS.

The IRS, in its post-hearing submission, contends that if the court grants the Covey Defendants' motion for summary judgment and dismisses the Plaintiffs' foreclosure claim, it will no longer have an interest in the litigation pursuant to 28 U.S.C. § 2410. In that event, the IRS asks that it be dismissed as a party to the lawsuit. Dismissal of the foreclosure claim results in the dismissal of the only claim for which the IRS is a named defendant. The IRS is thus DISMISSED WITHOUT PREJUDICE as a defendant to this action.

### G.  Remand and Order to Show Cause.

Within forty-five (45) days of this Order, the remaining parties shall show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction. Any party consenting to remand shall so advise the court in writing within this same time period.
SO ORDERED.

10

Dated at Burlington, in the District of Vermont, this ___4th___ day of March, 2011.

_____
Christina Reiss, Chief Judge
United States District Court

11